# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ERNEST CANDELARIA,

    Petitioner,

vs.                                                                 Civil No. 98-637 MV/WWD

DONALD DORSEY, Warden, et al.,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1. THIS MATTER comes before the Court upon Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed May 28, 1998.[1] Candelaria is currently incarcerated and is proceeding *pro se* and *in forma pauperis*. Petitioner is confined pursuant to the judgment, sentence and commitment of the Second Judicial District of the County of Bernalillo pursuant to a plea of eight felony counts of residential burglaries.

    2. Respondent seeks summary dismissal of the petition based on statute of limitations and procedural default.

    3. Candelaria alleges due process violations concerning the removal of his good time credits. In his first and second claims, he contends that the disciplinary proceeding which was based on a misconduct report failed to follow administrative policy and also resulted in an arbitrary forfeiture of all his good time. As grounds for a third claim, he appears to reiterate the specifics underlying the first two claims, e.g., alleging that the hearing was untimely, that he was denied the right to call exculpatory witnesses, that he did not meet with his legal representative

---

[1] Petitioner executed the perjury declaration on May 26, 1998. The difference in the two dates does not make a difference in these findings.

within 24 hours prior to the hearing, and that the warden did not approve of the disciplinary hearing officer's decision, as required under state statute. Petitioner seeks a reinstatement of his earned good time credits.

4. Candelaria was charged with a major disciplinary violation after beating another inmate repeatedly with his belly chains while riding a bus from one correctional facility to another in November 1994. The result of the disciplinary hearing was the revocation of more than four years of good time. He filed a state habeas petition on May 26, 1995, alleging grounds similar to those in the instant petition.

5. On July 23, 1996, the state court issued a decision. The court found that although the hearing did not take place within the required 7 days (pursuant to administrative policy), the four-day delay was for good cause and resulted in no prejudice to Petitioner. In fact, the purpose of delaying the hearing was to afford Candelaria adequate time to meet with his legal representative before the hearing. Pet. at 39.

6. However, the state court did find that state law and policy were violated by having the deputy warden, and not the warden, approve the hearing officer's decision. See N.M.S.A. 1978 § 33-2-36. The court remanded the disciplinary decision back to the then-current warden of the facility for review and decision. Pet. at 43 (copy of Aug. 6, 1996 order).[2] Warden Shanks reviewed and approved the hearing officer's decision several weeks later. Pet. at 49.

*Statute of Limitations*

---

[2] The court found that "a wholesale dismissal of a major level disciplinary report [as Candelaria suggests]. . . would be an inordinately large penalty for violation." Decision at 2 (Pet. at 40).

7. The Antiterrorist and Effective Death Penalty Act of 1996 ("AEDPA"),[3] requires that federal habeas petitions be filed within a year from the time the judgment becomes final. 28 U.S.C. § 2244(d)(1). The statute also provides for tolling of the one-year period while post-conviction or collateral review is pending. § 2244(d)(2).

8. It is unclear when a hearing officer's disciplinary decision becomes final for the purpose of AEDPA's limitations period. See N.M.S.A. 1978 § 33-2-11 (discussing administrative remedies for inmate's grievance procedures). However, even if the final judgment date is generously assumed to be the date the order denying Petitioner's state habeas petition (August 6, 1996) as Respondent has done, Candelaria's federal habeas petition is still untimely. See Powell v. Williams, 981 F.Supp. 1409, 1414 (D.N.M. 1997). The time period between September 6, 1996[4] and the date he filed this petition (May 28, 1998) is well over the one-year limitations period. Thus, Candelaria's federal habeas petition should not be considered on the merits, but should be dismissed on statute of limitations grounds.

*Procedural Default*

---

[3] Pub.L. No. 104-132, 110 Stat. 1217 (1996), to be codified at 28 U.S.C. § 2244(d). These provisions apply to Candelaria's federal petition because it was filed after AEDPA's effective date. See Lindh v. Murphy, __ U.S. __, 117 S.Ct. 2059, 2068 (1997) (new AEDPA provisions generally apply only to cases filed after the Act became effective); United States v. Simmonds, 111 F.3d 737, 744-45 (10th Cir. 1997).

[4] The additional thirty days is time allowed for seeking state supreme court review of state habeas petition, although neither the United States Supreme Court nor the Tenth Circuit has yet held this additional time to be required. See N.M.S.A. 1978 § 12-501; Watson v. State, 45 F.3d 385 (10th Cir.(N.M.) 1995).

9. Respondent's alternative ground for dismissal of the petition also has merit. After his state habeas petition was denied, Candelaria did not appeal the denial to the state supreme court. Failure to seek review of the denial of a state petition for habeas corpus constitutes procedural default, notwithstanding the discretionary nature of certiorari review in the New Mexico Supreme Court. Ballinger v. Kerby, 3 F.3d 1371 (10th Cir. 1993). Candelaria does not offer any reason or objective factor which impeded his ability to file his federal petition earlier, or to appeal for review of denial of certiorari. See Romero v. Tansy, 46 F.3d 1024, 1027 (10th Cir. 1995) (citing Coleman v. Thompson, 501 U.S. 722 (1991)); Watson, 45 F.3d at 387 n.2, 3. Therefore, his petition should be dismissed based also on procedural default.

*Dismissal on State Law Grounds*

10. There is yet a third reason to dismiss Candelaria's petition, although it speaks to Candelaria's specific allegation that forfeiture of *all* his good-time credits violates state law. See N.M.S.A. § 1978 33-2-34(C) ("Meritorious deductions"). Without deciding here whether the statute stands for what he proposes, Candelaria would be unable to seek relief for the alleged violation under 28 U.S.C. § 2254.

11. A federal habeas corpus court's review is limited to deciding whether a state court conviction violated either the United States Constitution, federal law or treaty. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Federal habeas relief is not available for violations of state law. Lujan v. Tansy, 2 F.3d 1031, 1035-36 (10th Cir. 1993). Thus, this portion of Candelaria's petition would not be cognizable under § 2254 even if the petition were to be addressed on the merits.

**Recommendation**

I recommend that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed and that this cause be dismissed in its entirety. Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE